<u>NOT FOR PUBLICATION</u>                         (Docket Entry No. 11)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____  :
                                     :
JOAN M. RHOADS,                      :
                                     :
        Plaintiff,                 :   Civil No. 04-2640 (RBK)
                                     :
        v.                         :   **OPINION**
                                     :
ANTHONY MASCIARELLI, D.O.,           :
                                     :
        Defendant.                 :
_____  :


**KUGLER**, United States District Judge:

       In this diversity action, plaintiff Joan Rhoads alleges that defendant Anthony Masciarelli, D.O. committed medical malpractice. This matter comes before the Court upon Dr. Masciarelli's motion to dismiss Rhoads's complaint for failure to provide an affidavit of merit as required by N.J.S.A. § 2A:53A-27. For the reasons expressed in this opinion, the motion to dismiss will be granted.

**I.**      <u>**FACTUAL BACKGROUND**</u>

       Rhoads requested her medical records from Dr. Masciarelli on July 28, 2004. (<u>See</u> Pl.'s Sworn Stmt. ¶ 2, Oct. 22, 2004.) That request neither specified particular records nor

provided Dr. Masciarelli with notice that the records requested were needed to prepare an affidavit of merit. (Id.) Dr. Masciarelli answered Rhoads's complaint on August 23, 2004.

On October 22, 2004, Rhoads filed (1) a motion for a sixty-day extension of time to file an affidavit of merit and (2) a sworn statement in lieu of an affidavit of merit. According to the Sworn Statement, "the records requested from defendant have a substantial bearing on the preparation of an affidavit of merit in this action." (See Pl.'s Sworn Stmt. ¶ 5.) By order dated November 8, 2004, Rhoads's time to file an affidavit of merit was extended until December 21, 2004.

On or shortly after November 12, 2004, Rhoads received Dr. Masciarelli's records. (See Pl.'s Opp. ¶ 12.) However, the record contains no evidence that Rhoads ever provided Dr. Masciarelli with a certificate of merit.

**II.      ANALYSIS**

New Jersey law requires a plaintiff in a medical malpractice action to provide the defendant with an "affidavit of merit" within 120 days of the defendant's answer to avoid dismissal of her complaint. See N.J.S.A. § 2A:53A-27, -29. The plaintiff may be relieved of this obligation if the defendant "fails to provide medical records or other information 'having a substantial bearing on preparation of the affidavit' within

forty-five days of a request for such information." Scaffidi v. Horvitz, 343 N.J. Super. 552, 554 (App. Div. 2001) (quoting section 2A:53A-28). In that case, the plaintiff may file a "sworn statement" in lieu of the affidavit of merit. See N.J.S.A. § 2A:53A-28. However, a plaintiff cannot invoke section 2A:53A-28 unless her request for information provided the defendant with "reasonable notice that particular medical records or other information are needed to prepare an affidavit of merit." See Scaffidi, 343 N.J. Super. at 554, 559.

Here, Rhoads did not provide Dr. Masciarelli with reasonable notice that she needed her medical records to prepare an affidavit of merit until October 22, 2004. Dr. Masciarelli produced the medical records on November 12, 2004, "well within the forty-five day period allowed under N.J.S.A. 2A:53A-28." See Scaffidi, 343 N.J. Super. at 559. Rhoads had forty-three days after the receipt of those records to provide Dr. Masciarelli with an affidavit of merit, but failed to do so. The present case is therefore squarely within the holding of Scaffidi.

Rhoads attempts to distinguish her case from Scaffidi by citing Aster v. Shoreline Behavioral Health, 346 N.J. Super. 536 (App. Div. 2002). However, the Aster court held only that a defendant who has never produced medical records cannot cite Scaffidi to prevent the plaintiff from invoking section 2A:53A-28. See Aster, 346 N.J. Super. at 539, 548-49 & n.8. Here, Dr.

3

Masciarelli provided Rhoads with the medical records she requested on November 12, 2004, leaving Rhoads ample time to obtain an affidavit of merit.[1]  Unlike Aster, to apply Scaffidi here presents no danger of "undeserved windfall to [a] non-producing party."  See Aster, 346 N.J. Super. at 549.  Therefore, Aster does not enable Rhoads to escape the holding of Scaffidi.

Here, as in Scaffidi, the defendant provided the plaintiff with all the medical records she requested within forty-five days of notice that the records were needed to prepare an affidavit of merit.  Therefore, as in Scaffidi, Rhoads "may not invoke N.J.S.A. 2A:53A-28 to excuse [her] failure to file a timely affidavit of merit."  See Scaffidi, 343 N.J. Super. at 559.  Because failure to timely file an affidavit of merit "shall be deemed a failure to state a cause of action," N.J.S.A. § 2A:53A-29, Dr. Masciarelli's motion to dismiss will be granted.  The accompanying Order shall issue today.

Dated:   August 26, 2005              /s/ Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge

---

[1] In Scaffidi, the plaintiff received her medical records from the defendant sixty-nine days before she was to file her certificate of merit.  343 N.J. Super. at 555.  In the present case, Rhoads received her medical records from Dr. Masciarelli forty-three days before she was to file her certificate of merit.  However, because Rhoads does not argue that she could have filed a certificate of merit with an extra twenty-six days to do so, this Court will not distinguish Scaffidi on that basis.

4